UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MIRANDA ROHDE,
an Individual,

       Plaintiff,                  **Case No.:**

v.

LIFE INSURANCE COMPANY OF
NORTH AMERICA, INC.,

       Defendant.
_____/

# COMPLAINT

COMES NOW the Plaintiff, MIRANDA ROHDE (hereinafter, "Plaintiff"), by and through the undersigned counsel, and files this Complaint stating a cause of action against Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA (hereinafter, "Defendant"), and alleges as follows:

1. This is an action for recovery of benefits under an employee welfare benefit plan brought pursuant to 29 U.S.C. §1132(a)(1)(b)("ERISA"). Plaintiff seeks to recover benefits she claims are due to her under the ERISA governed plan pursuant to 29 U.S.C. §1132(a)(1)(b). More specifically, Plaintiff seeks long-term disability benefits and waiver of life insurance premium benefits under her former employer's group policy issued by Defendant which she claims have been wrongfully denied.

2. Plaintiff is and at all times material hereto was, an adult resident citizen of Santa Rosa County, Florida, and otherwise a resident of the State of Florida.

3. Defendant is a foreign corporation authorized to engage and engaging in business within the State of Florida.

4. This Court maintains subject matter jurisdiction over this action pursuant to 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331.

5. Prior to July 21, 2016, Plaintiff purchased through her employer, Navy Federal Credit Union, a contract for benefits that included long-term disability ("LTD") benefits and waiver of life insurance premium benefits under Group Policy Number FLX-980276 (hereinafter "the Plan").

6. At all times material to this Complaint, the Plan was in full force and effect and Plaintiff was a Plan participant.

7. Defendant is in possession of all master Plan documents.

8. Defendant is a third party plan administrator or claims fiduciary given discretion to interpret Plan provisions and is a Plan fiduciary, or alternatively, is a plan fiduciary without discretion to interpret Plan provisions.

9. On September 7, 2017 Plaintiff was approved for LTD benefits under the plan as stated in Defendant's correspondence dated September 7, 2017. The Plaintiff became totally disabled from her past employment as defined by the Plan on March

4, 2017, due to a history of acute pancreatitis, gastroparesis, IBS, back pain, biliary dyskenesia, extreme fatigue, nausea, and other exertional and non-exertional impairments

10. By letter dated September 11, 2017, Plaintiff was awarded the waiver of life insurance premium benefits under the Plan.

11. On February 15, 2018 Defendant or its agents denied Plaintiff's waiver of life insurance premium benefits beyond March 3, 2018.

12. Plaintiff timely appealed the denial of waiver of life insurance premium benefits by letter to Defendant dated April 25, 2018, whereupon Defendant acknowledged receipt of the same in their letter dated May 9, 2018.

13. By letter dated November 13, 2018 Defendant or its agents denied Plaintiff's appeal of the waiver of life insurance premium benefits.

14. On November 21, 2018, Defendant or its agents denied Plaintiff's claim for LTD benefits.

15. Plaintiff timely appealed the denial of LTD benefits by letter dated March 1, 2019.

16. By letter dated June 7, 2019, Defendant or its agents denied Plaintiff's appeal of LTD benefits.

17. Plaintiff continues to suffer from residuals related to her history of acute pancreatitis, gastroparesis, IBS, back pain, biliary dyskenesia, extreme fatigue, nausea, and other exertional and non-exertional impairments.

18. Plaintiff has exhausted all available administrative remedies afforded by the Plan and has otherwise complied with all conditions precedent to this action.

19. Defendant's denial of Plaintiff's claims for LTD plan benefits and waiver of life insurance premium benefits, was arbitrary and capricious, constituted abuse of Defendant's discretion under the Plan, and derogated Plaintiff's right to disability benefits and waiver of life insurance premium benefits under the terms of the Plan.

WHEREFORE, Plaintiff prays for a judgment against Defendant for all Plan benefits owing at the time of said judgment, pre-judgment interest, attorney's fees, costs of this action, and all other relief deemed just and proper by the Court.

Dated this 25th day of June, 2019.

                              Respectfully submitted,

                              */s/ R. Ian MacLaren*
                              R. Ian MacLaren, Esq.
                              Florida Bar No.: 0047743
                              i.maclaren@solowaylawfirm.com
                              Daniel Ms. Soloway, Esq.
                              Florida Bar No.: 508942
                              d.soloway@solowaylawfirm.com
                              Soloway Law Firm
                              1013 Airport Blvd
                              Pensacola, FL 32504
                              (850) 471-3300 (T)
                              (850) 471-3392 (P)
                              Counsel for Plaintiff